UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | 4:16-cr-00044-BLW-1 |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| EDGAR JESUS AMADOR-CARRILLO, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant's Petition for Sentencing Reduction Pursuant to 18 U.S.C. § 3582(c)(2). Dkt. 94. Additionally, Defendant filed a motion seeking his sentencing transcripts (Dkt. 90) and an accompanying Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 91). Finally, Defendant filed a Motion for Status. Dkt. 99.

## LEGAL STANDARD

### 1. Relief Under 18 U.S.C. § 3582

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010). Thus, "a judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Id.* at 824 (internal modifications and citations omitted) (citing 18 U.S.C. § 3582(b)). Such

circumstances include where a sentence is corrected pursuant to Criminal Rule 35, upon motion by the government pursuant to Rule 35, or where the sentence is appealed the case is remanded to the district court for resentencing. *See* 18 U.S.C. § 3582(b); Fed. R. Crim. P. 35. Alternatively, the Court may modify a sentence upon motion by the Director of the Bureau of Prisons, or if otherwise expressly authorized by statute. § 3582(c)(1). Finally, the Court may modify a sentence where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2).

## ANALYSIS

**1. The Court Lacks Jurisdiction Under § 3582 to Reduce Defendant's Sentence**

This Court sentenced Defendant to 135 months imprisonment for possession with the intent to distribute methamphetamine. Dkt. 79. In arriving at this sentence, the Court used the 2015 Sentencing Guidelines Manual (the "2015 Manual"). Dkt. 73. The 2015 Manual incorporated Amendment 782 to the Drug Quantity Table which reduced by two the offense level for certain drug crimes.

Defendant asks the Court to reduce his sentence on the basis of Amendment 782. Dkt. 94. Because Defendant has already received the benefit of Amendment 782 during his original sentencing, the Court lacks jurisdiction under 18 U.S.C. § 3582 to modify or reduce Defendant's sentence.

**2. Defendant's Request for Sentencing Transcripts**

In addition to his request for a sentencing reduction under section 3582, Defendant has also requested a copy of his sentencing transcripts. Dkt. 90. His request is accompanied by an application to proceed *in forma pauperis*. Dkt. 91. Given the length of time that has passed since Defendant filed his request for transcripts, the Court will deny Defendant's request and application. Defendant has leave of the Court to refile his request along with an updated application to proceed *in forma pauperis* that reflects his current financial situation.

## ORDER

**IT IS ORDERED:**

1. Defendant's Petition for Sentencing Reduction Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

2. Defendant's Request for Transcripts (Dkt. 90) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 91) are **DENIED**. Defendant is granted leave to refile his request along with an updated application to proceed *in forma pauperis*.

3. Defendant's Motion for Status is **GRANTED**. The Clerk of the Court will mail a copy of the Court's decision to Defendant.



DATED: February 5, 2019

_____
B. Lynn Winmill
U.S. District Court Judge